# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WELLS FARGO BANK, N.A.,**

    **Plaintiff,**

**v.**                                                        **Case No:   6:16-cv-1655-Orl-41DAB**

**PATCHAIMMAL BENJAMIN, WILSON BENJAMIN, BANCO POPULAR NORTH AMERICA, ORANGE COUNTY, OTHER UNKNOWN PARTIES, THE SEVERAL AND RESPECTIVE UNKNOWN ASSIGNS SUCCESSORS IN INTEREST, TRUSTEES OR OTHER PERSONS and ALL CLAIMANTS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 4)**
>
> **FILED:**   **September 21, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **REMANDED** to the state court from which it was removed.

This cause comes before the Court on *pro se* Defendant Patchaimmal Benjamin"s Notice of Removal from the Ninth Judicial Circuit, Orange County, Florida and her Motion for Leave to Proceed *in forma pauperis* filed on September 21, 2016.  Docs. 1, 4.  It is respectfully

**RECOMMENDED** that Motion for Leave to Proceed *in forma pauperis* be **DENIED** and the case be **REMANDED** to the state court from which it was removed.

## I. BACKGROUND

On May 7, 2012, Plaintiff Wells Fargo Bank, N.A.[1] filed a mortgage foreclosure complaint against Defendant Benjamin, among others, in the Ninth Judicial Circuit, in and for Orange County, Florida ("Circuit Court") to foreclose a mortgage on real property located in Orange County, Florida. Doc. 2 (Case No. 2012-CA-7637-O). The Circuit Court rendered a Final Judgment of Foreclosure on June 30, 2014, foreclosing on Defendant's home and setting it to be sold at public auction. Doc. 1-13 at 11. Benjamin moved to set aside the final judgment based on intrinsic and extrinsic fraud and void judgment; the motion was subsequently denied. Doc. 1-12 at 7-8; *see also* Doc. 1-11 at 3. Benjamin subsequently appealed the ruling. Doc. 1-10 at 27.

The property was set to be sold at a foreclosure sale in January 2016, but Benjamin filed an appeal; the appeal was eventually dismissed and the sale was scheduled. Doc. 1-13 at 11-20; Doc. 1-11 at 2. Benjamin filed a Chapter 7 Bankruptcy case[2], but the Bankruptcy Court granted relief to Wells Fargo Bank from the automatic stay on June 16, 2016. Doc. 1-13 at 26-30, 42. The sale was subsequently rescheduled for September 22, 2016. Doc. 1-13 at 38. Benjamin removed the case to this Court one day before the scheduled sale, on September 21, 2016. Doc. 1.

In her Notice of Removal, alleges that her removal of this four-year-old mortgage foreclosure was proper pursuant to 28 U.S.C. §§ 1331, 1367, 1441(d) and 1446. Doc. 1. Benjamin alleges as the basis for removal that another individual named "Rashan Wood" has filed an

---

[1] Wells Fargo Bank, N.A., filed as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5. Doc. 2.

[2] Case No. 6:16-bk-994-RAC. Doc. 1-13 at 42. Benjamin previously filed two Chapter 13 cases, one on August 5, 2014, Case No. 14-bk-8978-CCJ—dismissed on August 21, 2014—and a second one filed on September 9, 2015, Case No. 15-bk-7714-CCJ (the day of the scheduled sale of the property), which was also dismissed on October 6, 2015. Doc. 1-11 at 77-79.

unspecified "Cross Party Complaint" against her, involving "a federal question regarding the effect of mailing a notice of rescission" and the "Truth In Lending Act as to the release of recorded purported security instrument."[3]  Doc. 1.  Despite a thorough search of the state court documents submitted with the Notice of Removal, no such "Cross Party Complaint" by "Rashan Wood" is contained in the 660 pages[4] of underlying state court documents[5] (many of which are redundant).

In what appears to be a pattern in this case, two other unrelated individuals, Gary Beck and Debra Patterson, had tried to appear *pro se* and "intervene" in the state court litigation, arguing that the "action of taking possession of the intervenors' property without due process has already inextricably linked the intervenors to this action." Doc. 1-5 at 57-59. Moreover, there is an Affidavit of Non-Existence within the state court documents indicating "After careful and complete search on August 16, 2016 of the civil file, it appears that no Order Granting Relief from Stay rendered 6/16/16 and Order Denying Motion for Reconsideration rendered on 7/22/16 is contained in the above named file." Doc. 1-13 at 46.

## II.    STANDARD

A defendant seeking to remove a civil action from a state court must file in the district court of the United States for the district and division within which such action is pending within thirty days after receipt by the defendant through service of a copy of the initial pleading or service of summons.  28 U.S.C. §1446(b); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc*., 2010 WL 4941445, *3 n.1 (M.D. Fla. 2010). "A removing defendant bears the burden of proving proper

---

[3] Benjamin further argues that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted in the "Cross Party Complaint."  Doc. 1 at 3.

[4] Some pages are inexplicably blank.  *See, e.g.,* Doc. 1-2 at 31-32.

[5] In "Exhibit A" there is a purported *email* reporting that *Benjamin* allegedly submitted her own "cross claim."  Doc. 1-1.  There is no "cross claim" itself.  Moreover, as discussed in detail below, even if such a document existed, a party may not remove a case to federal court on the basis of a cross claim under the "well-pleaded complaint" rule.

federal jurisdiction. . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citations omitted).

As courts of limited jurisdiction, removal is appropriate for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Alternatively, removal may be based upon diversity jurisdiction, where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §1332; *US Bank Nat. Assoc. v. Bradshaw*, 2011 WL 1298100, *1 (M.D. Fla. 2011) (citing *Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1261 (11th Cir. 2000). Federal courts must inquire into their jurisdiction at the earliest point in the proceeding. *Kirkland v. Midland Mortgage Co*., 243 F.3d 1277, 1279-80 (11th Cir. 2001). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Indeed, "a federal district court must therefore remand to state court any case that was removed improvidently or without the necessary jurisdiction." *Estate of Ayres ex rel . Strugnell v. Beaver*, 48 F.Supp.2d 1335, 1339 (M.D. Fla. 1999).

### III.  ANALYSIS

#### A.  *Plaintiff"s Complaint does not provide any basis for removal*

Defendant asserts that this Court has federal question jurisdiction[6]. Doc. 1 ¶. Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236

---

[6] Benjamin also would not be able to remove the action on the basis of diversity jurisdiction (28 U.S.C. § 1332) because when removal jurisdiction is founded solely on diversity of citizenship, the action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). This foreclosure action was brought in Circuit Court in Florida, and Benjamin is a resident of Orange County, Florida (Doc. 1).

F.3d 1292, 1310 (11th Cir. 2001)(quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law."). "[T]he basic principle [is] that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." Charles Alan Wright, Arthur R. Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3731 (1998) (emphasis in original).

In this case, Wells Fargo Bank's Complaint contains a single mortgage foreclosure claim, arising under state law. Doc. 1. Federal jurisdiction "must be based on a federal statute or law governing the Plaintiff's claims for relief. No federal statute grants federal jurisdiction over state foreclosure claims." *United States Bank Nat. Assoc. v. Story*, 2009 WL 485165, at *2 (M.D. Fla. 2009); 28 U.S.C. §1331. As Wells Fargo Bank's Complaint is based solely on state foreclosure law, it raises no federal questions and removal pursuant to §1331 is improper.

Benjamin asserts federal question jurisdiction exists as a basis for removal because another individual (with an unspecified standing in the case) filed a "Cross Party Complaint" against her, allegedly involving "a federal question regarding the effect of mailing a notice of rescission" and her assertion of the Truth In Lending Act.[7] Doc. 1. Benjamin has not provided any evidence that a cross claim is exists, much less that any federal question is involved in this four-year-old foreclosure case. Moreover, federal question jurisdiction exists only through a plaintiff's properly pled complaint, and a defendant may not establish federal question jurisdiction upon the assertion of a counterclaim or a cross claim. *GTE Cor*p., 236 F.3d at 1310; *Holmes Group, Inc. v. Vornado*

---

[7] Benjamin further argues that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted in the "Cross Party Complaint." Doc. 1 at 3.

*Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim- which appears as part of the defendant's answer, not as part of the plaintiff's complaint- cannot serve as the basis for 'arising under' jurisdiction."). Here, Wells Fargo Bank"s foreclosure action is based purely on state law, and even if the unspecified individual had standing to assert a cross-claim, Benjamin's answer to such a claim may not be considered as a basis of removal. *See First Guar. Bank & Trust Co. v. Reeves*, 86 F.Supp.2d 1147, 1154 (M.D. Fla. 2000) (recognizing that removal for diversity jurisdiction is improper when amount in controversy only satisfied by counterclaim).

   *B.*  *Benjamin's Notice of Removal is untimely*

  In addition to failing to establish federal jurisdiction, Benjamin's Notice of Removal is untimely. A defendant has thirty days from service of either the complaint or first pleading demonstrating a basis for removal to remove an action. 28 U.S.C. § 1446(b); *Barnes v. Allstate Insurance Co.*, 2010 WL 5439754, *2 (M.D.Fla. 2010). These time limitations are appropriate, "[o]therwise a defendant could wait and see how it fared in the state court proceedings before deciding whether to remove." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 760 (11th Cir. 2010). Here, Wells Fargo Bank filed the Complaint on May 7, 2012, (Doc. 2), and Benjamin filed her Notice of Removal on September 21, 2016, after a final judgment was rendered by the Circuit Court and one day before her real property was to be sold at a public auction (Doc. 1). As such, the Notice of Removal is procedurally defective and remand is appropriate. 28 U.S.C. § 1446(b).

  Benjamin has improvidently removed the case from state court and it is **respectfully RECOMMENDED** that the Motion to proceed *in forma pauperis* be **DENIED** and the case be **REMANDED** for lack of subject matter jurisdiction over the foreclosure action.

### NOTICE TO PARTIES

  A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 29, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy